RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 08 2015

Abel Acosta, Clerk

Texas Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

"In re Eric Flores , pro se relator"
General Delivery , 8401 Boeing Dr.,
El Paso Texas 79910

"In re The State of Texas , relator"

vs.

Former Texas Governor Rick James Perry , respondant

Trial Court Case No. D-1-DC-14-100139
Third Court of Appeals Case No.3-15-00063-CR
Texas Court of Criminal Appeals Case No.PD-1067-15

## JUDICIAL NOTICE OF LEAVE OF TEXAS CRIMINAL COURT OF APPEALS BEFORE JUDGEMENT IS ENTERED TO PROCEED INFORMA PAUPERIS TO FILE PETITION FOR AMINUS CARIAE BRIEF IN THE UNITED STATES SUPREME COURT

Pursuant to Texas Rule of Appellate Procedure no. 72 the pro se relator

Eric Flores hereby gives judicial notice of leave of Texas Court of

Criminal Appeals before judgement is entered in this case for the

purpose of proceeding informa pauperis on appeal to file "Petition for

Aminus Cariae Brief" in the United States Supreme Court because the

circumstance of this case have so far departed from the normal course of

judicial process so as to invoke the judicial power of the United States

Supreme Court in the public interest of health and safety. In support thereof the relator states the following grounds for relief , in particular ;

## STANDARD OF REVIEW

To proceeding informa pauperis on appeal before a judgement is entered by the lower court of appeals of last resort the relator must show that he is economical eligible and establish good faith by showing that the relator is contending arguableing legal points on their merits to state a claim upon which relief maybe granted on appeal.

In this particular case , the relator has attached a application to proceed informa pauperis to file petition for aminus cariae brief without having to pay for the fileing fees due to the relators economic indigencies.

## I.Relators Economic Indigencies

The application to proceed informa pauperis decloses the relators financial abilities which amounts to the value of zero due to unemployement because employers will not hire relator due to his criminal history.

The application to proceed informa pauperis that discloses the relators financial abilities can be constituted as a financial statement to proof

that the relator is economically indigent to qualify to proceed informa puaperis on appeal to file petition for aminus cariae brief without having to prepay fileing fees in the United States Supreme Court before judgement is entered in the lower court of appeals of last resort because the circumstances of this case regarding the defendants character of engageing in conduct that constitutes a threat of imminent danger such as death to the members of the public in general are of imperative importance to the public interest of health and safety.

## II. Relators Good Faith on Appeal

The relators instant appeal is in the public interest of health and safety because it is requesting that the United States Supreme Court to use its judicial power to prohibit the defendant from engageing in conduct that constitutes a threat of imminent danger such as death to the members of the public at large.

The relator has previously appealed to complain that the defendant was engageing in conduct that constitutes a threat to the public interest of health and safety by randomly killing more than four members of the public at large to include the relators brother Javier Flores Junior Uncle Jorge Salas , Aunt Mary Salas , Great Aunt Connie Salas ,

Grandmother Evagelina Salas Mendoza , Grandfather Marciano Flores , and Aunt Mary Elene Salas which constitutes premeditated capital mass murder in the first degree.

The relators previous appeal specifically identified the defendant as a members of an organized group of executive employees of the federal government whom was engageing in conduct that constitutes a threat of imminent danger such as death to the members of the public in general.

The relators previous appeal specifically requested that the United States Supreme Court to use its judicial power to prevent the defendants from engageing in negligent torturious conduct that constitutes a threat of imminent danger such as death to the members of the public in general.

The United States Supreme Court denied the relators appeal and refused to use its judicial power to prohibit the defendant from engageing in negligent torturious conduct that constitutes a threat o imminent danger such as death to the members of the public to include using deadly technology to torture to death the relator or his immediate relatives.

As a result the defendant retaliated against the relator for previously appealing to the United States Supreme Court by continueing to engage in negligent torturious conduct that constitutes a threat of imminent danger such as death resulting in the death of a large number of the members of the public in general constituteing premeditated capital mass murder in the first degree.

Whereby the defendant retaliated against the invocation of the relators constitutional rights by engaging in negligent torturious conduct such as using advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing a genetic code to profoundly disrupt the personality and senses of a person named Adam Lanza for long durations exceeding calendar days in which was equivalent in intensity to take physical control of Adma Lanza mental state of mind so as to compel Adma Lanza into an act of dures by a calculated procedure to use a weapon such as a gun to shoot and kill twenty children at Sandy Hook elementary in NewTown Connecticut constituted mass murder in the first degree.

The State of Texas empaneled a state grand jury to indict the defendant on the criminal charge of abuse of power.

The relator then filed a motion for joinder of criminal offenses to prosecute the defendant for engageing in negligent torturious conduct that has resulted in the death of more than four members of the public constituteing mass murder in the first degree.

The defendant appealed the criminal indictment to the Third Court of Appeals in Austin Texas stating that he did not abuse his power.

The relator then filed a petition for aminus cariae brief in the Third Court of Appeals requesting that the intermeditate court of appeals to enforce the law by issueing a final judgement on appeal to instruct the lower district court to criminally prosecute the defendant for continuesly engageing in negligent torturious conduct that has resulted in the death of more than four members of the public constituteing mass murder in the first degree.

The Third Court of Appeals upheld the criminal charge of abuse of power against the defendant whom shall be tried in the lower district court for the allegedly committing the offense of abuse of power but refused to use its judicial power to prohibit the defendant from further engageing in negligent torturious conduct that has resulted in the death

of more than four members of the public constituteing mass murder in the first degree.

As a result the defendant further retaliated against the invocation of the relators constitutional rights to file nonfrivolous legal claims challengeing a constitutional deprivation of life or liberty in the Third Court of Appeals , by using advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing a genetic code to profoundly disrupt the personality and senses of a person named David Conley for long durations exceeding calendar days in which was equivalent in intensity to take physical control of David Conley mental state of mind so as to compel David Conley into an act of dures by a calculated procedure to use a weapon such as a gun to shoot and kill a family of six children , husband , and wife in which directly reflect the number of children in the relators family tree because the relators family consisted of six children , mother , and father in which was solely conspired so as to indirectly communicate threats to cause the death of the relators and his immediate relatives.

The relator then reported the defendants negligent torturious conduct that resulted in the death of a whole family in Houston Texas to the Houston District Attorneys Office in Texas.

The defendant then further retaliated against the invocation of the relators constitutional rights to notify the Houston District Attorney Office of the defendants negligent torturious conduct that has resulted in the death of a whole family , by using advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing a genetic code profoundly disrupt the personality and senses of a person named Shannon Miles for long durations exceeding calendar days in which was equivalent in intensity to take physical control of Shannon Miles mental state of mind so as to compel Shannon Miles into an act of dures by a calculated procedure to shoot and kill a Harris County Sheriff Deputy named Darren Gorforth in Houston Texas for assisting in a criminal investigation involveing the defendants negligent torturious conduct that has resulted in the death of more than four members of the public constituteing mass murder in the first degree.

The defendant then filed an appeal in the Texas Criminal Court of Appeals of last resort in which was contending the legality of the criminal charge of abuse of power that was upheld by the lower Third Court of Appeals.

If the defendant loses the appeal in the Texas Criminal Court of Appeals of last resort , the defendant has the substantial likelihood of continueing to engage in negligent torturious conduct that will result in the death of more members of the public as the defendant has previously done after the lower Third Court of Appeals rendered a judgement refuseing to dismiss the criminal charge of abuse of power against the defendant.

The relator then filed a petition for aminus caraie brief in the Texas Court of Criminal Appeals seeking to invoke its judicial power to prohibit the defendant or other participates from the public from engageing in negligent torturious conduct that has already resulted in the death of more than four members of the public to include the relators immediate relatives.

The clerk of the Texas Court of Criminal Appeals named Adam Smith refused to file the relators petition for aminus cariae brief so that the

appellate panel will not review or consider the relators nonfrivolous legal claims seeking to invoke the Texas Court of Criminal Appeals judicial power to prohibit the defendant from further engageing in negligent torturious conduct that has already resulted in the death of more than four members of the public constituteing mass murder in the first degree.

Because the defendant has the substantial likelihood of continueing to engage in negligent torturious conduct that can potentially result in the death of more members of the public at large in the instant that the defendant were to lose his appeal in the Texas Court of Criminal Appeals therefore the relator appeals to the United States Supreme Court o seek to invoke its judicial power to prohibit the defendant from further engageing in negligent torturious conduct that can potentially result in the death of more members of the public to include the relator and his immediate relatives.

Without the United States Supreme Court judicial power to maintain order and restore discipline amongst members of our American society , the defendant has the substantial likelihood to continue to engage in

negligent torturious conduct that constitutes a threat of imminent danger such as death to members of the public in general.

To the extent that the defendant character conduct to engage in negligent torturious conduct that has resulted in the death of more than four members of the public without being liable or held accountable by criminal prosecution because of the United States Supreme Courts refusal to use judicial power to maintain order and restore discipline amongst members of our American society inwhich has influenced or even encouraged other members of the public to participate in engageing in negligent torturious conduct that constitutes a threat to the public interest of health and safety.

By the United States Supreme Court refusal to enforce the law to maintain order and restore discipline amongst members of our American society, will eventually create a trend of influenceing or encourageing others members of the public to believe that they will not be criminally prosecuted for also participateing in engageing in negligent torturious conduct that constitutes a threat of imminent danger such as death to the members of the public in general in which will produce an organization of members of the public that are out of

control , violent , and hostile with the substantial likelihood of causeing the death of more members of the public in general.

Therefore it suffice to state that the circumstances of this case sufficiently establish to be seeking relief from the defendants negligent torturious conduct that has resulted in the death of several members of the public in which proves beyond a reasonable doubt that the circumstances of this case have so far departed from the normal course of judicial process of the court system so as to invoke the judicial power of the United States Supreme Court in the public interest of health and safety.

For the reason that the circumstances of this case do demonstrate to be of imperative importance to the public interest of health and safety therefore the relators will continueing to appeal to seek for the United States Supreme Court to use its judicial power to prohibit the defendant and those members of the public that have been influenced or encourage to participate in engageing in negligent torturious conduct that constitutes a threat of imminent danger such as death to the members of the public in general.

Thus , the relator has established good faith on appeal in the public interest of health and safety to be eligible to proceed informa pauperis on appeal to file the petition for aminus cariae brief in the United States Supreme Court before judgement is entered in the lower court of appeals of last resort without having to prepay the fileing fees because of the relators economical indigencies.

## CONCLUSSION AND PRAYER

Wherefore Primises Considered in conformance with the prerequisites settforth herein because the relator has shown that he is economically eligible to proceed informa pauperis and established good faith with arguable legal points on their merits in the public interest of health and safety therefore it is necessary for the Texas Court of Criminal Appeals to not only grant the relator permission to proceed informa pauperis on appeal to protect the public interest of health and safety but also the Texas Court of Criminal Appeals should certify to the United States Supreme Court to determine whether the defendants is engageing in conduct that is a threat to the public interest of health and safety so as to bring merit to the relators appeal.

The defendants conduct to randomly cause the death of members of the public every time the defendant loses an appeal in this criminal case does establish proof beyond a reasonable doubt that the circumstances of this case have so far departed from the normal course of judicial process so as to justify invokeing the United States Supreme Courts supervisory power because the case is of imperative importance to the public interest of health and safety.

The relator prays for general relief.

Respectfully Submitted ,

"In re Eric Flores , pro se relator"

General Delivery , 8401 Boeing Dr.,

El Paso Texas 79910

Pursuant to Penalty of Perjury (28 U.S.C & 1746) the relator hereby states , declares , and certifies that the foregoing application to individual Chief Justice Roberts is true and correct.

# CERTIFICATE OF SERVICE

Pursuant to Penalty of Perjury (28 U.S.C. & 1746) the relator hereby states , declares , and certifies that true and correct copies of the foregoing judicial notice of leave of court of appeals of last resort was sent via United States Postal Services to the following parties of interest settforth below , in particular ;

(i)Eric Flores is a party of interest whoms place of business is designated at General Delivery , 8401 Boeing Dr., El Paso Texas 79910.

(ii)Richard James "Rick" Perry is a party of interest whoms place of business is designated at 122 C St., NW, Ste. 200Washington, DC 20001.

(iii)The State of Texas is a party of interest whoms place of business is designated at State Capitol , P.O. Box 12697 Room 1E.8 Austin Texas 78701